Simmons v. Murphy. Case number is 23-288. In this matter, we have made an exception to our usual approach. We will have Ms. Stankiewicz argue the primary argument and Mr. Ludeman will have two minutes for rebuttal. If you are ready, counsel, you may proceed. Thank you, your honors, and may it please the court, Elizabeth Stankiewicz on behalf of plaintiff appellant Terry Simmons. This court should vacate the judgment below and remand the case for three primary reasons. First, dismissal under the IDEA's exhaustion requirement was improper because the futility exception applies here. Second, following the Supreme Court's decision in Luna Perez v. Sturgis Public Schools, it is clear that this exhaustion requirement does not apply to Ms. Simmons' claims under the ADA, Section 504, and Section 1983. And third, while the court need not find anything further in order to vacate and remand, Ms. Simmons has plausibly alleged claims under all of these statutes. Dismissal regarding the IDEA's claim was improper because Ms. Simmons was not required to further exhaust administrative remedies at this stage. She did adequately pursue her administrative remedies, and in doing so, she and the school district reached a settlement agreement in March of 2017. When the school district failed to fulfill the terms of that settlement agreement, the case was properly brought to district court. This court has previously noted that additional IDEA administrative proceedings following a breach would be futile, and particularly noted that a question at this stage is about the obligations under the settlement agreement, so a resolution does not benefit from the expertise of an agency's decisions. Further, courts and other circuits have pointed to the notion that this would put plaintiffs back at square one in resolving their claims. And it noted that the 2014, or sorry, 2004 amendments provide that in the case where a resolution is reached to resolve the complaint, the parties execute a legally binding agreement. The 2004 amendments imply that a breach is then properly brought into district court and that further exhaustion is not needed. This also- I say it'll put them at square one. Isn't that always true when there is lack of exhaustion? Well, no, Your Honor. The return to square one would be that it returns to square one of the administrative process and would require an entire return of the administrative process, and then potentially it could result in an endless cycle of reaching a settlement, the settlement terms being breached, and being required to go back through the administrative process all over again, where the claim would never be able to get into district court. But if you don't exhaust something in the administrative process, isn't that inevitable? I suppose it would be, Your Honor. However, the administrative process here was exhausted initially. That may be, but I mean, to say you'll have to go back to square one seems to me inevitable if there is failure of exhaustion in the administrative process. So there can't be a reason for not finding exhaustion, lack of exhaustion? Your Honor, yes. If there were failure to exhaust, then it would have to go back. However, again, as we contend here, the exhaustion was completed, and this court and others have noted that after the failure to execute a settlement agreement on an IDEA claim, that claim is then properly brought into district court, as exhaustion has been completed at that stage by reaching the settlement agreement. Can you clarify for me what it was, which terms of the settlement agreement you believe were breached? And in sort of summary fashion is fine. It's only a two-page agreement, and I'm pretty familiar with it. So what is, excuse me, what is Ms. Simmons alleged the school district did in breach of that agreement? Yes, Your Honor. Well, the fact that this has been breached has not yet been at issue in this claim so far, but specifically she notes that in, for example, paragraph 70 of her complaint that the agreement was not fulfilled. It's also important to note here in paragraphs 40 and 69 through 71 that her son was transferred to another school, that his IEP was changed without proper documentation to do so. But what provisions of the settlement agreement, because I think you're saying that it hasn't been an issue yet, but I think your argument about the lack of need to exhaust turns on, or the fact that exhaustion was complete turns on the fact that this is not a claim, a continuing administrative claim. This is a claim for breach of the settlement agreement. Yes and no, Your Honor. So the breach of the settlement is a continuing IDEA claim. Right. But the argument now is not just about the denial of the FAPE way back when this poor kid was still in school. It is now also about a claim that there was a breach. Yes, that is correct, Your Honor. And there is a set of cases about the breach of settlement agreements, and there's a statutory law on that now. Yes. So that's why I'm asking you to point me to in the agreement, it's a contract case basically at that point, or it's in the nature of contracts, right, what was breached? Yes. Again, that breach would be along the lines of not being given the counseling, not being placed into a school district, being, again, transferred, in fact, to a school district that did not provide the services that were in the agreement entirely, and not having the ability to submit documentation at a reevaluation hearing. Various claims like that are found throughout the complaint showing that the settlement agreement was breached. And do you seek, I couldn't really tell, frankly, from the briefing, but do you seek leave to amend? I couldn't see that there was a specific appeal of a denial of leave to amend, which the third, the appealed order clearly does deny further leave to amend, but there's mention of the fact that it was an abuse of discretion to not allow, no, you say, we asked that you remand the case with leave to amend, but I didn't actually see an appeal of the denial of leave to amend. I take it you are contesting the appropriateness of denial of leave to amend. Yes, Your Honor, because on remand there would be potentially questions now of turning to the merits rather than turning, as has previously been addressed, only these kind of threshold issues, the quasi-jurisdictional issues. Okay, so it's assuming we remand, we should include an order for leave to amend. Yes, Your Honor. Okay, thank you. And turning then to Ms. Simmons' claims under the ADA under Section 504 and Section 1983, again, Luna Perez v. Sturgis Public Schools makes it clear that dismissing these claims for a perceived failure to exhaust IDEA remedies was incorrect, and that these claims, because they are seeking remedies that are not available under the IDEA, should be able to be pursued in district court regardless of what this court finds about the IDEA exhaustion requirements. In light of Luna Perez, does it make sense just to sort of send it back to start over? Your Honor, I believe that probably would make sense, considering this is... But you all are UConn, right? Yes, Your Honor. So presumably you would not be able to represent her in court in New York? That's not something we can necessarily determine at this time. Fair. And as Your Honor points out, in light of Luna Perez, these claims certainly should be remanded, and this issue is the only issue so far that has been determined in dismissing these cases so far. The appellee concedes in their brief on page 9 that if exhaustion was the only basis to dismiss the claims, then under Luna Perez, those causes of actions should be reinstated and the matter remanded to district court. That is exactly what has happened here. The district court has not determined anything on the merits of this case so far and has dismissed entirely on exhaustion grounds to date. And I see that my time is expiring, and so I will defer to my co-counsel for remand, or for rebuttal. One question, Judge Cook-Counsel. Circling back to Judge Merriam's dialogue with you, if we look at the IDA, separate from the ADA Section 504 claims, your contention is the IDA arises out of the settlement agreement. So it is just, so that I'm clear, so it's a contractual claim. It's not an issue that arises under the statute. So it is an issue that initially arose under the statute for initial IDEA, and then through the pursuit of the IDEA administrative remedies, a settlement agreement was reached. And there is case law supporting the idea that that breach of a settlement, because it arose from the IDEA case, is an outgrowth of parental rights under the IDEA, rather than a mere breach of contract under common law. All right, thank you, counsel. And Mr. Smith. Morning, Your Honors. Thank you, and may it please the Court. The parties do not dispute that the Luna-Perez decision obviated the exhaustion requirement under many of the statutes that are at issue in this case. However, throughout the litigation, in every motion to dismiss that was filed with the district court, alternative grounds for dismissal were provided. But they weren't reached, right? Well, they were reached in the prior decisions that were not appealed. Well, I saw what you were referring to. I think it's in the original complaint. In the motion to dismiss addressed to the original complaint, the district court says something like, look, the handwritten notations in the margin that say 504 and FAPE are not enough to state claims. But I think that says to the original complaint, which is dismissed for lack of standing, right? Correct. And then the second complaint, the first amended complaint, is dismissed for the exhaustion issue, and the second amended complaint is also dismissed on exhaustion. So is your claim that that comment in the original motion to dismiss, which turns on standing, is sufficient to have addressed the merits of the claims alleged in the second amended complaint? I don't know if I'd go as far to say that it continues to be controlling, but I think it's important to note that these issues were before the court. They're not being brought up for the first time ever in the context of this appeal. They're completely valid reasons why the claims should not go forward, because there are severe deficiencies in the complaint. Even with the latitude that's given to a pro se plaintiff, there still is a minimum requirement. Because the district court didn't reach the merits, the 12B6 sort of arguments, the then self-represented and potentially again self-represented plaintiff was never sort of advised of what the defects were in her pleading. Is that right? Well, I think in the prior decisions there was, in the prior two decisions, each time the district court issued the decision, there were pretty specific instructions as to what the amended pleading would need to contain. And one of the issues is that the current iteration of the complaint that we're here to discuss now, when she was given leave to file that pleading, she was given very specific instructions as to what should be in it, and the pleading actually went well beyond the scope of those instructions. And we had all sorts of claims that were not even included in the original leave to amend. So she didn't really have a right to do that in the first place. We provided, you know, a subset of reasons for why those claims should be dismissed, and it's our position that even to the extent some claims are remanded in light of Luna-Perez, there are claims that are so deficient they need not be remanded again to continue this cycle. And even the claims under Luna-Perez, the 504, the ADA, and the 1983, they're deficient for reasons that are completely separate from the exhaustion issue. Your response to the argument that the Simmons IDA claim was not read to raise the strongest argument that it suggested and that the district court erred in not interpreting that claim as alleging a breach by the school district of the IDA settlement agreement warrants a reversing of the dismissal, at least, of that claim and sending it back? What is your... So I think there are two points to consider on that. First, as Your Honors asked a moment ago, you know, what terms of the settlement agreement were breached? And what I heard is, well, there were subsequent failures to comply with the IEP. Well, if we're talking about a failure to comply with the IEP, that's a separate IDEA claim and exhaustion applies. And if you're talking simply about, well, the breach of the settlement agreement, not the IEP, the settlement agreement itself, there is no identification in the complaint to exactly what was breached or when. There are these general allegations that services were not provided. But again, services not being provided, noncompliance with an IEP, that's an IDEA claim, separate and a subsequent one. The settlement agreement actually calls for a new IEP. And the settlement agreement calls for a search for an out-of-district placement. And he was not placed out-of-district, right? He was placed in a school in the school district, at least in the town of Mount Vernon, right? Correct. And she, I mean, the one thing that is very clear from her complaint about the agreement is she was very unhappy with the Thornton High School placement. Correct. And construing that generously, doesn't that sound like an objection to the fact that he was placed in-district and that she wasn't permitted to participate in the selection process, as the settlement agreement suggests she would be, that she'd be a participant? I mean, obviously, if this case proceeds in some way and we get into discovery, we're not conceding that there even was a breach. No, of course. There will be discovery of facts that I think will explain the circumstances that led to his subsequent placement. But for the moment, you know, the district realizes that if the court considers the settlement agreement to be the basis for an IDEA claim and there's an allegation that it was breached, then that is what it is. We understand that. So, you know, what we did in our brief is we set forth what we believe are clear, substantive reasons why the claims should be dismissed, regardless of the exhaustion issue. In the reply brief by the appellants, they did, for the first time ever, represent that a lot of the claims that are in the complaint are not being pursued anymore. So we welcome that clarity. That was the first time that was ever suggested. So it appears that a lot of the claims that are explicitly in the complaint are not being pursued anymore. I don't know if the appellant will be necessarily bound by that representation if the case is remanded, which is why we suggest in our brief that these claims should be addressed on the merits now. Their dismissal should be affirmed on alternative grounds than what was the subject of the February 2023 order. But we could also, if we didn't agree with addressing the merits, we could still be clear in the order what was appealed and, therefore, what's alive on remand. We could address the clarification problem without necessarily addressing the merits of those claims, right? Well, I think the only thing, Your Honors, is, for example, if we're talking about the statutes, the claims that would be revived by Luna Perez, there are still, you know, such severe deficiencies in how they're pled that we believe require their dismissal, that to ignore those deficiencies and send it back simply because of the exhaustion issue has been addressed, you know, we still believe that the claims should be dismissed now. Okay, but that's totally unrelated to this idea of her now narrowing her claims. Well, correct. She's narrowed them to now the claims really are, the 504, the ADA, the 1983, all of which, that's great that that is now the focus of the case, but I think we believe we've provided reasons why they still don't need to proceed any further. If there is nothing else from Your Honors, I'm happy to rest on my submissions then. All right. Thank you, Counsel. Thank you. Mr. Ludeman, we'll hear from you in two minutes of rebuttal. All right. May it please the Court. Just a couple of points, and actually much of what I was going to say was already addressed by Judge Merriam's questions. She said it better than I could, so I won't retread a lot of that ground. It's my one year at UConn Law that made that happen. There you go. So in terms of, you know, what was the nature of the breach, admittedly the complaint is not full of a lot of detail. We would argue that that is not required at the pleading stage, certainly not for a pro se litigant, and to Judge Merriam's question, obviously a huge component of that is the question of the placement at Thornton. Obviously, there's a lot of questions about exactly what's being remanded. I did attempt to provide in the reply brief some clarity for precisely the reasons the Closing Counsel has mentioned. You know, I don't see there being a need for, you know, heavy-handed instructions. I think, you know, the Court can make it pretty clear in its remand what parts of the case are still live. I don't think it's, you know, uncommon at all for dismissals to be appealed in part and for a remand to address only those parts that have been appealed. So unless the Court has additional questions or concerns.